UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOARD OF TRUSTEES OF 1199/SEIU GREATER
NEW YORK BENEFIT FUND and BOARD OF
TRUSTEES OF 1199/SEIU GREATER NEW YORK
EDUCATION FUND,

**COMPLAINT**

Civil Action No. 20-cv-6944 (PGG)

Plaintiffs,

-against-

TEANECK NURSING CENTER,

Defendant.
-------------------------------------------------------------------X

## Introduction

1. This is an action to require defendant Teaneck Nursing Center ("Teaneck" or "Employer") to pay delinquent contributions due to the 1199/SEIU Greater New York Benefit Fund ("Benefit Fund") and the 1199/SEIU Greater New York Education Fund ("Education Fund") (collectively, "Funds"), fringe benefit funds that provide medical and educational benefits, respectively, to defendant's employees.

2. This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

## Jurisdiction and Venue

3. The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Funds are administered.

Parties

5. Plaintiff members of the Board of Trustees of the Benefit Fund ("Benefit Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6. The Benefit Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), an employee welfare benefit plan within the meaning of Sections 3(1) and 3(3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), and is maintained for the purpose of providing medical, surgical, hospitalization, and health benefits to eligible participants. The Benefit Fund is also a multi-employer welfare plan within the meaning of 29 U.S.C. §1002(37).

7. Plaintiff members of the Board of Trustees of the Education Fund ("Education Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Benefit Fund Trustees and Education Fund Trustees are collectively referred to as "Trustees".

8. The Education Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), an employee welfare benefit plan within the meaning of Sections 3(1) and 3(3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), and is maintained for the purpose of providing educational and training benefits to eligible participants. The Education Fund is also a multi-employer welfare plan within the meaning of 29 U.S.C. §1002(37).

9. Plaintiffs bring this action on behalf of themselves, the Funds and the Funds' participants pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

10. Plaintiffs maintain their principal place of business at 498 Seventh Avenue, New York, NY 10018.

11. Defendant Teaneck is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12) and §1003(a), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). Defendant Teaneck is an entity doing business primarily in the state of New Jersey. Upon information and belief, Defendant Teaneck maintains its principal place of business at 1104 Teaneck Road, Teaneck, NJ 07666.

Statement of Claim

12. At all relevant times, some of the Employer's employees were represented by 1199SEIU United Healthcare Workers East ("1199").

13. The Employer and 1199 are parties to a series of collective bargaining agreements covering the bargaining unit of employees described in those agreements. The most recent collective bargaining agreement ("CBA") between the parties is dated June 23, 2017 and is effective through June 30, 2020. A copy of the CBA is appended as Exhibit A.

14. The CBA is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

15. The CBA requires the Employer to make monthly contributions to the Funds in accordance with the terms of the CBA. Contributions are calculated as a percentage of gross payroll for the Employer's employees covered by the CBA.

16. Article 38.5 of the CBA provides:

> The Employer shall furnish to the Union monthly a statement indicating the names of the Employees covered by this Agreement, their social security numbers and the amount of wages paid, or such report, record or statement as shall supply such information, and agree to make available for inspection to the Trustees of the Fund all payroll records that may be required for the sound and efficient operation of the Fund, or which may be required by the insurance companies, if any, insuring the employees.

17. Article V, Section 6 of the Benefit Fund Trust Agreement and Article V, Section 6 of the Education Fund Trust Agreement provide:

> The Trustees or their authorized representatives may examine the pertinent payroll books and records of each Employer whenever such audit may be deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund.

18. Article V, Section 11 of the Benefit Fund Trust Agreement provides, in relevant part:

> Notwithstanding any other provision in this Trust Agreement, if any Employer has not paid any Contributions due to the Fund within thirty (30) days after the due date, the Employer shall pay one (1%) percent per month simple interest from the due date until the date of payment.
>
> . . . . . . . .
>
> In addition, a delinquent Employer shall be liable . . . all other costs and expenses attributable to any audit of the Employer's payroll, wage, and related business records with respect to unpaid Contributions or payments.

19. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and Article V, Section 10 of the Benefit Fund Trust Agreement provide that, in any action to collect delinquent contributions in which a judgment is entered in favor of the plan, the court shall award the plan, in addition to the unpaid contributions: interest on the unpaid contributions; an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided under the plan in an amount not to exceed 20% of the unpaid contributions; reasonable attorney's fees and costs; and such other relief as the court deems appropriate.

20. Article V, Section 10 of the Benefit Fund Trust Agreement provides that the above liquidated damages are 20% of the unpaid contributions.

21. Pursuant to the Trust Agreements of the Funds and in accordance with their fiduciary duties under ERISA, the Trustees, together with the Trustees of related benefit funds, promulgated guidelines for the collection of delinquent contributions from contributing employers ("Guidelines").

22. Paragraph 7(a)(1) of the Guidelines provides that the annual rate of interest on delinquent contributions is twelve (12%) percent or the prime rate plus three (3%) percent, whichever is greater.

23. Paragraph 8(a) of the Guidelines provides that a delinquent employer also owes liquidated damages in the principal amount of unpaid contributions or double interest, whichever is greater. Paragraph 8(a) further provides that, in addition, a delinquent employer owes audit fees, reasonable attorneys' fees and other costs and expenses incurred in any action to collect the delinquent contributions.

24. In accordance with the CBA and the Funds' respective Trust Agreements, a representative of the Funds conducted an audit of the Employer's payroll records for the period January 1, 2015 through December 31, 2018. The Fund sent the Employer a letter dated September 13, 2019 stating that the Fund auditor had determined that additional contributions in the amounts of $13,046.76 and $3,352.54 were due and owing to the Benefit Fund and Education Fund, respectively. In addition, the letter advised that the Employer owed interest calculated through September 27, 2019 in the amounts of $5,859.25 and $832.25 to the Benefit and Education Fund, respectively, and $500.00 in audit costs. The Funds' September 13, 2019 letter included a report detailing the auditor's findings. The letter and report are annexed as Exhibit B.

25. Despite the Benefit Fund's and Education Fund's demands for payment, the Employer has not paid any of the contributions due for the audit period January 1, 2015 through December 31, 2018, interest or costs of the audit.

Count I – Payment of Delinquent Contributions to the Benefit Fund

26. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 27.

27. Defendant's failure to pay required contributions to the Benefit Fund is a breach of its obligations under the CBA and the Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

28. Under ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, and LMRA § 301, Defendant is obligated to the Benefit Fund and its Trustees to pay the full amount of unpaid contributions due, plus accrued interest at the 12% per annum rate provided under the plan, liquidated damages of 20%, costs of the audit and attorneys' fees and costs of this action.

Count II – Payment of Delinquent Contributions to the Education Fund

29. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 27.

30. Defendant's failure to pay required contributions to the Education Fund is a breach of its obligations under the CBA and the Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

31. Under ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, and LMRA § 301, Defendant is obligated to the Education Fund and its Trustees to pay the full amount of unpaid contributions due, plus accrued interest at the 12% per annum rate provided under the plan, liquidated damages of 20%, costs of the audit and attorneys' fees and costs of this action.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment in favor of the 1199/SEIU Greater New York Benefit Fund as follows:

   a) in the amount of $19,406.01, comprised of:  $13,046.76 in unpaid contributions due for the period January 1, 2015 through December 31, 2018; $5,859.25 in interest due on such unpaid contributions through September 27, 2019; and audit fees in the amount of $500.00; and

   b) additional interest at the rate of 12% per annum from September 28, 2019 to the date of judgment; liquidated damages in the amount of $2,609.35, which is 20% of

the principal amount due; and attorneys' fees and costs as required by ERISA, 29 U.S.C. §1132(g)(2); and

2. Enter judgment in favor of the 1199/SEIU Greater New York Education Fund as follows:

a) in the amount of $4,184.78, comprised of: $3,352.54 in unpaid contributions due for the period January 1, 2015 through December 31, 2018: and $832.25 in interest due on such unpaid contributions through September 27, 2019; and

b) additional interest at the rate of 12% per annum from September 28, 2019 to the date of judgment; liquidated damages in the amount of $670.50, which is 20% of the principal amount due; and attorneys' fees and costs as required by ERISA, 29 U.S.C. §1132(g)(2).

3. Order such other legal and equitable relief as the Court may deem just and proper.

Dated: August 27, 2020
New York, New York

LEVY RATNER, P.C.

By: *Patricia J Connell*
Patricia McConnell (PM1861)
Attorneys for Plaintiffs
80 Eighth Avenue
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)
pmcconnell@levyratner.com